UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Natasha Hilda NELSON<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Kathleen ALLISON, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 22-cv-00377-CAB-AHG<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION [Doc. No. 38]; and (2) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [Doc. No. 26]** |

　　　　On March 18, 2022, Defendants Allison, Gibson, Pollard, Buckel, Benyard, Garcia, Glynn and Cohen ("Defendants") filed a Motion to Dismiss Plaintiff's First Amended Complaint. [Doc. No. 26.] On August 4, 2023, Magistrate Judge Allison H. Goddard prepared a Report and Recommendation ("Report") recommending that the Motion to Dismiss be granted in part and denied in part. [Doc. No. 38.] The Report also ordered that any objections were to be filed by August 18, 2023. [Report at 43.] To date, no objections have been filed, nor have there been any requests for an extension of time in which to file an objection.

　　　　A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When no objections are filed, the district court is not required to review the magistrate judge's report and

1

recommendation. The Court reviews *de novo* those portions of the Report to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id*. In the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

Here, neither party has timely filed objections to the Report. Having reviewed it, the Court finds that it is thorough, well-reasoned, and contains no clear error. Accordingly, the Court hereby:

(1) **ADOPTS** Magistrate Judge Goddard's Report and Recommendation;

(2) **GRANTS IN PART AND DENIES IN PART** the Motion to Dismiss Plaintiff's First Amended Complaint as follows:

    a. Defendants' Motion to Dismiss is **DENIED** as to the following claims:
1. First Amendment claims;
2. Eighth Amendment claims; and
3. Fourteenth Amendment Wiccan faith claims.

    b. Defendants' Motion to Dismiss is **GRANTED** without prejudice as to Plaintiff's Fourteenth Amendment COVID-19 claims.

    c. Defendants' Motion to Strike Plaintiff's request for punitive damages is **DENIED AS MOOT** without prejudice.

    d. Defendants' Motion to Dismiss Plaintiff's request for injunctive relief is **GRANTED** without prejudice.

   e.  Defendants' Motion to Dismiss is **DENIED** without prejudice as to Defendants' qualified immunity defense to Plaintiff's COVID-19 claims.

(3)  Should Plaintiff wish to amend the Fourteenth Amendment COVID-19 and injunctive relief claims, then Plaintiff shall file a Second Amended Complaint no later than **September 25, 2023**.  Plaintiff is cautioned that Plaintiff's Second Amended Complaint must be complete in itself without reference to her previous complaints. Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

(4)  If Plaintiff does not file a Second Amended Complaint by September 25, 2023, then Defendants shall file an **answer** to the First Amended Complaint, as amended by this order, by **October 9, 2023**.

**IT IS SO ORDERED.**

Dated:  August 28, 2023

                 _____
                 Hon. Cathy Ann Bencivengo
                 United States District Judge