UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASHA HILDA NELSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:22-cv-00377-CAB-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO EXCEED PAGE LIMITATION [ECF No. 44],**<br><br>**(2) DENYING DEFENDANTS' MOTION FOR PLRA SCREENING [ECF No. 46], and**<br><br>**(3) NOTIFYING DEFENDANTS OF OPPORTUNITY TO CONSENT** |

  Before the Court are two motions: (1) Plaintiff's Motion to Exceed Page Limitations for her Second Amended Complaint, and (2) Defendants' Motion for Screening of Plaintiff's Second Amended Complaint pursuant to the Prison Litigation Reform Act ("PLRA"). ECF Nos. 44, 46. The Court will address each in turn.

1

## I. PLAINTIFF'S MOTION TO EXCEED PAGE LIMITATION

Civil Local Rule 8.2(a) provides that complaints filed by prisoners pursuant to 42 U.S.C. § 1983 must be "legibly written or typewritten on forms supplied by the court," and any additional pages must not exceed a total of fifteen. *See* CivLR 8.2(a). Plaintiff retyped the Court's form complaint and added additional handwritten pages; as such, her pleading comprises a total of 28 pages. *See* ECF No. 45. Plaintiff requests leave to exceed the page limitations because "the additional pages are necessary to clearly allege her complaint and comply with the Court's recommendations[,]" since she "still wishes to pursue injunctive relief … [and] had to add more detailed facts to her complaint" to "remedy the deficiencies discussed in [the Court']s order." ECF No. 44 at 2. Further, Plaintiff notes that nearly a third of her Second Amended Complaint is handwritten due to her placement in the Administrative Segregation Unit, increasing the overall length of her pleading. *Id.*

A court may *sua sponte* strike a document filed in violation of the Court's local procedural rules. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (noting district court's "power to strike items from the docket as a sanction for litigation conduct"); *Smith v. Frank*, 923 F.3d 139, 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed including, in appropriate cases, striking the offending pleading."). However, "district courts have broad discretion in interpreting and applying their local rules." *Simmons v. Navajo Cty*., 609 F.3d 1011, 1017 (9th Cir. 2010) (internal quotation and citation omitted). Further, courts construe the pleadings of *pro se* litigants in civil rights cases liberally, affording them the benefit of the doubt. *See Karim-Panahi v. L.A. Police Dept*., 839 F.2d 621, 623 (9th Cir. 1988); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

Here, Plaintiff's Second Amended Complaint exceeds the page limitations set forth in this district's local rules by six pages. *Compare* ECF No. 1 (form complaint is seven pages) *and* CivLR 8.2(a) (permitting fifteen additional pages after form complaint) *with* ECF No. 45 (totaling 28 pages). Upon careful review, the Court finds that Plaintiff's Second Amended Complaint is clear and cognizably states claims, allowing the Court to

discern which factual claims in Plaintiff's complaint are brought against which Defendants, and when and where they are alleged to have occurred. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1059 (9th Cir. 2011) (noting that while "the proper length and level of clarity for a pleading cannot be defined with any great precision," Rule 8(a) has "been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling."). The Court agrees that Plaintiff utilized the extra pages to comply with recommendations set forth in the Court's order granting in part and denying in part Defendants' motion to dismiss—i.e., Plaintiff did not use the extra pages to add unrelated Defendants or unrelated claims, and instead used them to bolster the claims that had been dismissed.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Exceed Page Limitations. ECF No. 44.

## II. DEFENDANTS' MOTION FOR PLRA SCREENING OF PLAINTIFF'S SECOND AMENDED COMPLAINT

In a barebones motion, Defendants request that the Court screen Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. §§ 1915A(a)–(b).[1] ECF No. 46 at 2–3. Section 1915A(a) states as follows with respect to screening: "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). However, "the screening provision does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint." *Oalsen v. Murguia*, No. 3:13-cv-388-MMD-VPC,

---

[1] The Court notes that the title of Defendants' motion is "Defendants' Request for Screening of Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915A." ECF No. 46 at 1. However, in the motion, Defendants cite to §§ 1915(a)–(b), subsections of the *in forma pauperis* statute which set out the affidavit, initial filing fee assessment, collection, and full fee garnishment requirements applicable to prisoners, instead of §§ 1915A(a)–(b), which defines screening in prisoner cases. *Id.* at 2–3. The Court will liberally construe Defendants' motion as referring to the correct statute.

2014 WL 6065622, at *3 (D. Nev. Nov. 12, 2014); *see Newton v. Eatmon*, No. 21cv15-LAB-KSC, 2021 WL 549812, at *2 (S.D. Cal. Nov. 23, 2021) ("Based on the 'plain meaning' of the terms 'before docketing' or 'as soon as practicable after docketing,' … it 'could not be any clearer as to the timing of the mandatory screening.'"); *Oalsen*, 2014 WL 6065622, at *3 ("Defendants contend that 28 U.S.C. § 1915A by its plain meaning requires screening of 'a complaint' and because an amended complaint is 'a complaint,' § 1915A covers amended complaints. This interpretation ignores the statute's plain meaning."); *cf. Brown v. Tromba*, No. 2:17-cv-2396-APC-BNW, 2020 WL 5632950, at *2 n.1 (D. Nev. Sept. 17, 2020) ("There is also persuasive authority in the Ninth Circuit that provides that the Court is not required to screen every amended complaint a litigant files").

Here, the Court does not find good cause to screen Plaintiff's Amended Complaint.[2] "[T]he Supreme Court has [] recognized that 'the PLRA mandated early judicial screening to reduce the burden of prisoner litigation on the courts.' [] Construing the PLRA … to require court screening of every amended complaint … would increase, not reduce, the burden on federal courts." *Oalsen*, 2014 WL 6065622, at *4. Moreover, "a mere reading of 28 U.S.C. § 1915A dispels any notion that it provides a basis for governmental defendants to … play a role in the screening process. The text and the legislative history of 28 U.S.C. § 1915A clearly indicate that the drafters of this legislation contemplated that the screening required by § 1915A would be done—as has been done—without request by governmental defendants." *Freeman v. Lee*, 30 F. Supp. 2d 52, 56 (D.D.C. 1998) ("there is no way, logically, to act *sua sponte* at the behest of another"); *see Rincon v. Cate*, No. 09-cv2698-JLS-NLS, 2011 WL 1642615, at *1–*2 (S.D. Cal. Apr. 29, 2011) ("The Complaint in this case survived screening [], was served along with the summons, and

---

[2] Without ruling on the merits, the Court notes that Plaintiff's Second Amended Complaint names the same defendants and describes the same claims as the original complaint, which the Court already screened and subsequently reviewed again when it denied the bulk of Defendants' motion to dismiss, and includes more information regarding the dismissed injunctive relief claim and the COVID-19 equal protection claim.

counsel appeared on behalf of Defendants. Thus, if an amended complaint were to be filed in this Court, counsel for Defendants would be required to defend the case by filing a motion under Rule 12(b)(6) or face a default judgment" because "the Court's role is not to act as counsel for the defense but rather it has a duty to act as an impartial decision maker"). "This is not the first time a court of this District has made the point clear." *Rincon*, 2011 WL 1642615, at *1 (citing the thorough order on the subject in *Brooks v. Alameida*, Case No. 04-cv-2059-H-CAB, Doc. No. 30 at 8–13 (S.D. Cal. Sept. 7, 2005)). Further,

> one might ask why it makes a difference to this court whether governmental defendants move to dismiss a case brought by a prisoner proceeding *in forma pauperis* under the Federal Rules of Civil Procedure or attempt to achieve the same result by filing a 'Motion for Screening for Dismissal,' purportedly under 28 U.S.C. § 1915A. It suffices to say that the rules are the rules and all litigants, including governmental defendants, must follow them. Governmental defendants simply should not be able to employ a procedure not authorized by lawmakers. More fundamentally, however, there is a vast imbalance of power and legal know how between prisoners proceeding *in forma pauperis* and governmental defendants who are invariably represented by lawyers. There is no reason to accentuate this imbalance even more by permitting government lawyers to achieve a secondary gain or tactical advantage [such as causing the prisoner to incur a 'strike,' potentially prohibiting him from proceeding *in forma pauperis* in the future] by commandeering an illicit procedure [of requesting screening].

*Freeman*, 30 F. Supp. 2d at 56, 56 n.3 (denying defendant's motion for screening); *see also Allen v. Ohio Dep't of Rehab. & Corr.*, No. 20-cv-1746, 2021 WL 766867, at *2–*3 (N.D. Ohio Feb. 26, 2021) ("Nothing in either § 1915(e)(2) nor § 1915A allows the defense to bypass the Federal Rules of Civil Procedure to seek dismissal or to play a role in the screening process. [] The Court's role is not to act for the convenience of the defense, but as an impartial decision maker.") (internal citations omitted). Defendants' motion here asks the Court to perform a second screening even though Defendants do not attempt to argue or explain why they believe the amended complaint may be defective. The Court declines to do the lifting for Defendants here. If Defendants have a meritorious argument for

dismissal of the amended complaint, the Court expects they will bring an appropriate motion under Rule 12. As such, Defendants' request is **DENIED**. ECF No. 46.[3]

### III. NOTICE TO DEFENDANTS REGARDING OPPORTUNITY TO CONSENT TO MAGISTRATE JUDGE JURISDICTION

Plaintiff has consented to proceed before a United States Magistrate Judge. ECF No. 45 at 27–28. A Magistrate Judge may act as the presiding judge and may exercise civil jurisdiction over an action "[u]pon the consent of the parties[.]" 28 U.S.C. § 636(c). Therefore, the Court hereby gives notice to Defendants that they may execute and return a "Consent to Exercise of Jurisdiction by a United States Magistrate Judge and Order of Reference" to the court, which is attached to this Order for Defendants' convenience, by emailing the completed form to efile_bencivengo@casd.uscourts.gov by **November 15, 2023**. *The parties are free to withhold consent without adverse substantive consequences.*

### IV. CONCLUSION

For the reasons set forth above, the Court:

1. **GRANTS** Plaintiff's Motion to Exceed Page Limitations (ECF No. 44);

2. **DENIES** Defendants' Motion for PLRA Screening (ECF No. 46); and

3. **ORDERS** that Defendants file their responsive pleading by **November 6, 2023**.

**IT IS SO ORDERED.**

Dated: November 2, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[3] Under Federal Rule of Civil Procedure 15, Defendants are required to respond to Plaintiff's Second Amended Complaint within 14 days. FED. R. CIV. P. 15(a)(3). Plaintiff mailed her Second Amended Complaint to Defendants on October 15, 2023. ECF No. 45 at 29. The Court received Plaintiff's filings on October 23, 2023 and entered it on the public docket on October 26, 2023. *Compare* ECF No. 44 at 5 *with* ECF No. 45 NEF. Thus, since the Defendants likely received Plaintiff's Second Amended Complaint on the same date as the Court, Defendants' responsive pleading is due by November 6, 2023.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATASHA HILDA NELSON,<br><br>          Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>          Defendants. | Case No.:   3:22-cv-00377-CAB-AHG<br><br>**NOTICE, CONSENT, AND REFERECE OF A CIVIL ACTION TO A MAGISTRATE JUDGE** |

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed Names* | *Signatures of parties and attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**REFERENCE ORDER**

  **IT IS ORDERED:** This case is referred to United States Magistrate Allison H. Goddard, to conduct all proceedings and order entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

| | |
|---|---|
| Date | United States District Judge |